IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD BANSKE and MICHAEL FLANAGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| GERALD TARKA, Individually and as Alderman of the City of Calumet City, THADDEUS JONES, Individually and as Alderman of the City of Calumet City, ROMAYNE BUBLICH, Individually and as Alderman of the City of Calumet City, GEORGE VALLIS, Individually and as Chief of Police of the City of Calumet City, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

JUDGE SHADUR

MAGISTRATE JUDGE DENLOW

02C 7359
NO.

Jury Demanded

DOCKETED
OCT 16 2002

## COMPLAINT

**NOW COME** the Plaintiffs, RICHARD BANSKE and MICHAEL FLANAGAN, by and through their attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of GOLDMAN & EHRLICH, and as their complaint against the Defendants, state as follows:

### INTRODUCTION

1. This action arises under the United States Constitution, particularly under the provisions of the First and Fourteenth Amendments and under 42 U.S.C. § 1983 AND 42 U.S.C. § 1985(3). This action also includes pendent state claims for defamation and battery.

### PARTIES

2. The Plaintiff, RICHARD BANSKE, is a resident of Calumet City, Illinois. BANSKE works as a firefighter with the Calumet City Fire Department and is the President of the Calumet City Fire Fighters Association Local 621 International Association of Firefighters.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

3. The Plaintiff, MICHAEL FLANAGAN, is a resident of Calumet City, Illinois. FLANAGAN works as a firefighter with the Calumet City Fire Department and is the Secretary-Treasurer of the Calumet City Fire Fighters Association Local 621 International Association of Firefighters.

4. The Defendant, GERALD TARKA, is an individual residing at 112 Elizabeth Street, Calumet City, Illinois, and is an Alderman with the City of Calumet City, Illinois.

5. The Defendant, THADDEUS JONES, is an individual residing at 263 Merrill, Calumet City, Illinois, and is an Alderman with the City of Calumet City, Illinois.

6. The Defendant, ROMAYNE BUBLICH, is an individual residing at 524 Cornell, Calumet City, Illinois, and is an Alderman with the City of Calumet City, Illinois.

7. The Defendant, GEORGE VALLIS, is an individual residing at 1111 George Street, Calumet City, Illinois, and is the Chief of Police of Calumet City, Illinois.

## JURY DEMAND, JURISDICTION, AND VENUE

8. The Plaintiffs request a trial by jury.

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, United States Constitution, 42 U.S.C. §§ 1983 and 1985(3).

10. Venue is proper in the Northern District of Illinois because the alleged acts occurred herein.

## BACKGROUND

11. The Plaintiff, RICHARD BANSKE, has been employed as a firefighter with the City of Calumet City, Illinois since October 1, 1992.

12. The Plaintiff, MICHAEL FLANAGAN has been employed as a firefighter with the City of Calumet City, Illinois since November 16, 1996.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

2

13. In their capacity as officers of Calumet City Firefighters Association Local 621 I.A.F.F., the Plaintiffs have exercised their rights under the First Amendment to the Constitution by expressing their views and the views of the firefighter's union on numerous matters of public concern, including but not limited to the City Council's choice of Police Chief, the City Council's choice of Fire Chief, budget issues, safety issues and the City Council's residency restrictions.

14. On May 9, 2002, the Plaintiffs attended a City Council meeting. When the City Council failed to address certain issues regarding some union members accused of violating the City's residency requirements, the Plaintiffs began questioning the members of the City Council.

15. Specifically, BANSKE asked JONES why the City Council refused to hear the issue. JONES refused to discuss the matter and began walking towards the stairway as BANSKE persisted. Finally, BANSKE turned around and began walking back toward the council chambers. A few moments later, JONES ran up to BANSKE from behind and shoved BANSKE in the back throwing BANSKE forward. As BANSKE recovered, JONES approached BANSKE's and started yelling at him and asking if BANSKE wanted to fight him. BANSKE immediately removed himself from the situation. As a result of JONES' physical attack on BANSKE, BANSKE was forced to receive medical attention and missed a number of days from work.

16. When BANSKE went to the Police department that same evening to file a battery charge against JONES, JONES was already meeting with the Chief of Police, GEORGE VALLIS. BANSKE attempted to file a police report about the incident, but was prevented from doing so. Since that date, BANSKE has appeared in person on five (5) occasions to file a charge of battery against JONES for JONES' physical assault on BANSKE. He has also telephoned the Chief or a detective on seventeen (17) occasions to discuss filing a charge. Each time his request is denied on the basis that VALLIS issued an order indicating that BANSKE will not be allowed to file such a claim.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

3

17. Although criminal charges were never filed against BANSKE, JONES made numerous public statements falsely stating that BANSKE had attacked JONES. On May 10, 2002, JONES issued a press release and also wrote a letter to the Fire Chief falsely stating that BANSKE had "physically assaulted" JONES and demanding that BANSKE be "brought up on charges with the Police and Fire Commission." JONES also sent a letter on August 6, 2002 requesting that BANSKE be discharged.

18. On August 2, 2002, BUBLICH sent a letter to the fire chief falsely stating that FLANAGAN called her a "lazy bitch" and that she had been told that the fire department would not respond if her home was burning. BUBLICH requested that FLANAGAN and BANSKE be subjected to discipline. In addition, BUBLICH stated that she would not vote to reappoint the Fire Chief because he had not disciplined BANSKE and FLANAGAN. BUBLICH has made clear implications that BANSKE and FLANAGAN should not discuss issues of public concern when she indicated that they should leave the "politics to the politicians."

19. On August 5, 2002, TARKA sent a letter to the Fire Chief with copies to the Mayor, Dominick Gigliotti; VALLIS; the City Prosecutor, Dennis Gianopolis; Cook County State's Attorney Richard Devine as well as various members of the media. In the letter, TARKA falsely accused BANSKE and FLANAGAN of leaving harassing messages on his voice mail and committing "criminal damage" to his wife's car by scratching it with a key. TARKA requested in his letter that BANSKE and FLANAGAN be disciplined and be subjected to psychological evaluations.

20. On August 8, 2002, TARKA, JONES, and BUBLICH held a press conference in the City Council Chambers. During the press conference:

    a. TARKA falsely stated that "Union Members" or "Union Leaders," referring to BANSKE, committed criminal damage to TARKA's car;

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

4

  b. TARKA falsely stated that "Union Members" or "Union Leaders," referring to BANSKE and FLANAGAN, left harassing voice mails on TARKA's telephone;

  c. TARKA falsely stated that "Union Members" or "Union Leaders," referring to BANSKE and FLANAGAN, had psychological problems and that they should undergo psychological examinations;

  d. JONES falsely claimed that BANSKE and FLANAGAN were harassing him and his family by leaving harassing telephone messages; and

  e. BUBLICH falsely claimed that firefighters left her a message saying not to call the Calumet City Fire Department if her house is burning down.

21. These statements were made to individuals in attendance at the news conference including newspaper, television and radio reporters as well as the public at large. These statements were also disseminated in the newspapers and on radio and television.

22. In June 2002, THADEUS JONES made a down payment to purchase a car from a Blue Island car dealership using two (2) bad checks totaling $1,500. The Blue Island dealership reported the car stolen after making numerous attempts to contact JONES to have him return the car. JONES finally returned the car to the Calumet City Police Department on August 8, 2002. JONES, through an attorney, falsely stated that the car dealer to whom JONES had written the bad checks had reported the car stolen because the car dealer was friends with "white firefighters from Calumet City."

23. On September 17, 2002, THADDEUS JONES sent a letter to Rick Bryant of Congressman Jesse Jackson, Jr.'s office. Copies were sent to Calumet City Mayor, Dominick Gigliotti and the Calumet City Firefighters Union. In the letter, JONES falsely stated that he was "attacked following a Calumet City Council Meeting by the Current Union President." JONES

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

5

also falsely states that on August 6, 2002, "I received numerous threatening phone calls from the union President, which led my office to file charges." JONES also accuses the Plaintiffs of "crossing the line into harassment and possible felony actions."

## COUNT I
## FIRST AMENDMENT VIOLATION

24. The Plaintiffs engaged in protected speech about matters of public concern.

25. TARKA, BUBLICH, and JONES made false accusations against the Plaintiffs' character, attempted to have them fired, and attempted to have them arrested in order to retaliate against the Plaintiffs and to stop the Plaintiffs from speaking out on matters of public concern. TARKA, BUBLICH, and JONES' actions were meant to have a chilling effect on the expression of ideas in violation of the First Amendment to the Constitution.

26. The Plaintiffs have a liberty interest in their jobs and their reputations as firefighters.

27. The false statements made by TARKA, BUBLICH and JONES accusing the Plaintiffs of criminal conduct, immorality and dishonesty caused damage to their reputations in the community, humiliated them, and called into question their abilities and professionalism as firefighters and creating a lack of confidence in their firefighting abilities by the public they serve.

28. The actions of TARKA, BUBLICH, and JONES were taken without due process of law.

29. At all relevant times, TARKA, BUBLICH, and JONES acted under color of state law.

30. TARKA, BUBLICH, and JONES' conduct constitutes a violation of the First and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

31. As a direct result of TARKA, BUBLICH, and JONES' conduct, the Plaintiffs suffered damages to their careers and reputations which has resulted in emotional strain and stress.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

32. In addition, the acts, conduct, and behavior of TARKA, BUBLICH, and JONES were performed knowingly, intentionally, and maliciously, by reason of which the Plaintiffs are entitled to an award of punitive damages.

33. Pursuant to 42 U.S.C. § 1988, the Plaintiffs are entitled to an award of costs and attorney's fees.

**WHEREFORE**, the Plaintiffs requests that this court enter judgment in favor of the Plaintiffs and against Defendants, TARKA, BUBLICH, and JONES and order the following relief:

    A. Compensatory damages;

    B. Punitive damages;

    C. Costs and reasonable attorney's fees; and

    D. Any other and further relief as this court deems just and proper.

## COUNT II
### CONSPIRACY BY VALLIS AND JONES TO DENY BANSKE OF EQUAL PROTECTION

1-23. The Plaintiffs reallege paragraphs one through twenty-three of Count I as paragraphs one through twenty-three of this Count II.

24. As a union member and Union President, BANSKE is a member of a protected class.

25. On or about May 9, 2002, JONES and VALLIS conspired to prevent BANSKE from enjoying equal protection under the law because of BANSKE's status in a protected class by preventing BANSKE from filing a criminal charge against JONES.

26. At all relevant times, JONES and VALLIS acted under color of state law.

27. JONES and VALLIS' conduct constitutes a violation of the First and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1983, and 42 U.S.C. 1985(3).

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

28. As a direct result of JONES and VALLIS' conduct, BANSKE suffered damages to his career and reputation which has resulted in emotional strain and stress.

29. In addition, the acts, conduct, and behavior of JONES and VALLIS were performed knowingly, intentionally, and maliciously, by reason of which the Plaintiff is entitled to an award of punitive damages.

30. Pursuant to 42 U.S.C. § 1988, BANSKE is entitled to an award of costs and attorney's fees.

**WHEREFORE**, the Plaintiff requests that this court enter judgment in favor of the Plaintiff, BANSKE, and against Defendants JONES and VALLIS and order the following relief:

A. Compensatory damages;

B. Punitive damages;

C. Costs and reasonable attorney's fees; and

D. Any other and further relief as this court deems just and proper.

## COUNT III
## DEFAMATION

1-23. The Plaintiffs reallege paragraphs one through twenty-three of Count I as paragraphs one through twenty-three of this Count III.

24. TARKA, BUBLICH, and JONES published to third parties false information about the Plaintiffs indicating that the Plaintiffs were involved in the commission of various criminal offenses, that they would refuse to respond to a fire if called, that they needed psychological testing, and that they needed to be reprimanded or discharged because of their conduct.

25. Such statements are defamatory per se in that they impute that the Plaintiffs have committed a criminal offense and they impute an inability to perform or want of integrity in the discharge of the Plaintiffs' duties of employment. The statements are not capable of innocent construction.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

8

26. As a direct result of the Defendants' actions, the Plaintiffs have suffered serious injury to their reputations as well as extreme mental anguish, physical stress, and other injuries and are entitled to compensatory damages.

27. TARKA, BUBLICH, and JONES' actions were at all times wilful and wanton and the Plaintiffs are, therefore, entitled to an award of punitive damages against them.

**WHEREFORE,** the Plaintiffs requests judgment in their favor and against the Defendants, TARKA, BUBLICH, and JONES and the following relief:

    A. An award of compensatory damages;

    B. An award of punitive damages; and

    C. Any other and further relief as this court may deem just and proper.

## COUNT IV
## ASSAULT & BATTERY BY JONES

1-23. The Plaintiff, BANSKE, realleges paragraphs one through twenty-three of Count I as paragraphs one through twenty-three of this Count IV.

24. On May 9, 2002, JONES pushed BANSKE from behind, causing BANSKE physical injury. JONES' actions were committed with malice and intended only to inflict pain on Plaintiff and cause him bodily and psychological injury.

25. JONES' actions constituted a battery on BANSKE. Plaintiff suffered physical injury and emotional distress from this assault and battery and missed several days of work.

26. JONES' actions were malicious, willful, and deliberate and committed for the sole purpose of injuring Plaintiff.

**WHEREFORE**, the Plaintiff, BANSKE, requests that this court enter a judgment in favor of BANSKE and against the Defendant, JONES, and the following relief:

    A. An award of compensatory damages;

    B. An award of punitive damages; and

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

C.  Any other and further relief as this court may deem just and proper.

> Jonathan C. Goldman of Goldman & Ehrlich,
> as attorneys for RICH BANSKE
> and MICHAEL FLANAGAN

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE SHADUR**

**02C 7359**

## Civil Cover Sheet

**MAGISTRATE JUDGE DENLOW**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** RICHARD BANSKE and MICHAEL FLANAGAN

**Defendant(s):** GERALD TARKA, Individually and as Alderman of the City of Calumet City, et al.

County of Residence: Cook

County of Residence:

Plaintiff's Atty: Jonathan C. Goldman
GOLDMAN & EHRLICH
19 South LaSalle St., Ste. 1500,
Chicago, IL 60603
(312)332-6733

Defendant's Atty:

**DOCKETED OCT 16 2002**

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
  Plaintiff:- N/A
  Defendant:- N/A

IV. Origin: 1. Original Proceeding

V. Nature of Suit: 440 Other Civil Rights

VI. Cause of Action: This action arises under the United States Constitution, particularly under the provisions of the First and Fourteenth Amendments and under 42 U.S.C. § 1983 AND 42 U.S.C. § 1985(3). This action also includes pendent state claims for defamation and battery.

VII. Requested in Complaint
  Class Action: No
  Dollar Demand:
  Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 10/15/02

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm

10/15/2002

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

RICHARD BANSKE and MICHAEL FLANAGAN

v.

GERALD TARKA,
Individually and as Alderman
of the City of Calumet City,
et al.

JUDGE SHADUR

MAGISTRATE JUDGE DENLOW

Case Number:  

02C 7359 DOCKETED OCT 16 2002

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

RICHARD BANSKE and MICHAEL FLANAGAN

| (A) | (B) |
|---|---|
| SIGNATURE *(signed)* | SIGNATURE *(signed)* |
| NAME: Jonathan C. Goldman | NAME: Arthur R. Ehrlich |
| FIRM: GOLDMAN & EHRLICH | FIRM: GOLDMAN & EHRLICH |
| STREET ADDRESS: 19 South LaSalle Street, Ste. 1500 | STREET ADDRESS: 19 South LaSalle Street, Ste. 1500 |
| CITY/STATE/ZIP: Chicago, Illinois 60603 | CITY/STATE/ZIP: Chicago, Illinois 60603 |
| TELEPHONE NUMBER: (312)332-6733 | TELEPHONE NUMBER: (312)332-6733 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06210828 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06187364 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☒ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |